UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
HEIDI LANGAN on behalf of herself and all others : 
similarly situated, :
 :
                              Plaintiff, : Civil Action No. 13-cv-01471 (RNC)
 :
                                 v. :
 :
JOHNSON & JOHNSON CONSUMER :
COMPANIES, INC., :
 :
                              Defendant. :
 :
---------------------------------------------------------------- x

**DEFENDANT JOHNSON & JOHNSON CONSUMER COMPANIES, INC.'S
MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Johnson & Johnson Consumer Companies, Inc. ("J&JCC") hereby moves to dismiss the First Amended Class Action Complaint (the "Complaint") with prejudice for failure to state a claim on which relief can be granted. The grounds for this motion, which are more fully stated in the accompanying memorandum of law, are as follows:

This case challenges the labeling of two Aveeno® brand baby cleanser products, Baby Wash and Shampoo (the "Wash & Shampoo" product) and Baby Calming Comfort Bath (the "Bath" product) (together, the "Products"), as "Natural Oat Formula." Plaintiff alleges that this phrase communicates to a reasonable consumer that the entire product, as opposed to just the oat, is comprised of natural ingredients. Plaintiff's claims are dismissible because they are either preempted or within the primary jurisdiction of the United States Food and Drug Administration (the "FDA") and because Plaintiff fails to allege that defendant engaged in deceptive or unfair practices pursuant to the Connecticut Unfair Trade Practices Act ("CUTPA").

ORAL ARGUMENT REQUESTED

The labeling of cosmetics like the Products is comprehensively regulated by the FDA pursuant to authority granted by the Food Drug and Cosmetic Act of 1938 (the "FDCA"). The FDCA contains an express preemption provision prohibiting a state from establishing a cosmetic labeling requirement "different from or in addition to, or that is otherwise not identical with" the FDCA's requirements. 21 U.S.C. § 379s(a). In asking the court to bar J&JCC from using the phrase "Natural Oat Formula" because the labeling does not disclose which of the other ingredients are synthetic, Plaintiff seeks to impose a requirement that is different from the cosmetic labeling requirements promulgated by the FDCA. Plaintiff's claims are thus preempted. Alternatively, Plaintiff's claims should be dismissed or stayed because the FDA has primary jurisdiction over the labeling of cosmetic products, and has not provided a definition or standard of identity for "natural" in the context of cosmetic labeling.

Plaintiff's claims are dismissible for the additional reason that she has failed to state a claim pursuant to CUTPA because J&JCC has not engaged in deceptive or unfair practices under the statute. As a matter of law, J&JCC's conduct is not deceptive, because no reasonable consumer is likely to be misled by the phrase "natural oat formula" to believe that the entire product, rather than just the oat, is natural. This is especially true here, where the Products contain ingredient panels listing all ingredients, including those that are obviously synthetic. Defendant has likewise not engaged in unfair conduct pursuant to CUTPA. First, as J&JCC's representations are not false and misleading, its conduct does not violate public policy as established by the FDCA's prohibition on mislabeled cosmetics. Second, Plaintiff pleads no facts to support her bare allegation that J&JCC's conduct is immoral, unethical, oppressive or unscrupulous; nor could she as J&JCC made a truthful statement about the natural oat ingredient contained in its product that is not likely to mislead a reasonable consumer. Finally, Plaintiff

pleads no facts to support her allegations that J&JCC's labeling causes substantial consumer injury that is not outweighed by a countervailing benefit, and could not have reasonably been avoided. In fact, because the Products fully disclose all of the synthetic ingredients, any harm Plaintiff suffered in purchasing the Products under the belief that they contained only natural ingredients was the result of her own failure to read the labels.

For all of these reasons, and the additional reasons set forth in the accompanying memorandum of law, the Complaint should be dismissed, in its entirety, with prejudice.

Respectfully submitted,

 /s/ Wystan M. Ackerman
Wystan M. Ackerman (ct24090)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Phone: (860) 275-8200
Fax: (860) 275-8299

Harold P. Weinberger (phv 06406)
Eileen M. Patt (phv06407)
Rachel L. Feinberg (to be admitted pro hac vice)
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Phone : (212) 715-9100
Fax : (212) 715-8000

Attorneys for Defendant
JOHNSON & JOHNSON CONSUMER
COMPANIES, INC.

KL3 2957845.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2014, a copy of the foregoing was filed electronically with the Court's ECF system. Notice of this filing will be served upon all counsel of record by operation of the Court's ECF system.

                                           /s/ Wystan M. Ackerman