UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEIDI LANGAN, on behalf of herself and all others similarly situated,<br>    *Plaintiff*,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC., *et al*.,<br>    *Defendant*. | No. 3:13-CV-01471 (JAM) |

**ORDER APPROVING THE CLASS ACTION SETTLEMENT, CERTIFYING THE CLASS, AND DISMISSING THE ACTION WITH PREJUDICE**

WHEREAS, this matter came before the Court for hearing on July 10, 2019 (the "Final Approval Hearing"), on motion of Plaintiff in the above-captioned action (the "Action") to, among other things, determine (i) whether the terms and conditions set forth in the Stipulation and Agreement of Settlement dated as of November 27, 2018 (the "Settlement Agreement") and the settlement (the "Settlement") embodied therein, are fair, reasonable, and adequate and should be approved by the Court; (ii) whether a Judgment providing, among other things, for the dismissal with prejudice of the Action against Defendant as provided for in the Settlement Agreement, should be entered; and

WHEREAS, the Court, in its Order entered February 4, 2019 (the "Preliminary Approval Order") directed that a Notice be provided to the class as set forth in Section VII of, and Exhibit 5 to, the Settlement Agreement; and

WHEREAS, the Notice (Exhibit 2 to the Settlement Agreement) advised putative Class Members of (a) the dates for filing (i) a request to exclude themselves from the proposed Class; (ii) any objections to the Settlement, Class Counsel's application for an award of Attorney Fees

1

and Expenses, and the Class Representative's request for a Service Award; (iii) a Claim Form; and (b) the manner and method of making each such filing or identifying where such information could be obtained; and

WHEREAS, the provisions of the Preliminary Approval Order as to notice were complied with; and

WHEREAS, on May 27, 2019, the Class Representative moved for final approval of the Settlement, certification of the Class and approval of the notice that was provided to the Class in accordance with the Preliminary Approval Order; and

WHEREAS, the Settlement Hearing was duly held before this Court on July 10, 2019, at which time all interested persons and entities were afforded the opportunity to be heard; and

WHEREAS, this Court has considered all matters submitted to it at the Settlement Hearing and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. If not otherwise defined herein, all capitalized terms have the same meanings as set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members and the Settlement Administrator.

3. Pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, and for the purposes of the sole purpose of Settlement, the Action is hereby finally certified as a class action on behalf of: all persons who purchased the Aveeno Baby Wash and Shampoo until November of 2012 and Aveeno Baby Calming Comfort Bath until November of 2013, beginning on the following dates in the following states: in Alaska from January 25, 2011; in California, Connecticut, Delaware, the District of Colombia, Illinois, New York, and Wisconsin from January

25, 2010; in Florida, Hawaii, Massachusetts, and Washington from January 25, 2009; in Arkansas and Missouri from January 25, 2008; in Michigan, New Jersey, and Vermont from January 25, 2007; in Rhode Island from January 25, 2003. Excluded from the Settlement Class are: (i) current and former officers and directors of Defendant; (ii) members of the immediate families of the officers and directors of Defendant; (iii) Defendant's legal representatives, heirs, successors, or assigns, and any entity in which they have or have had a controlling interest; (iv) the judicial officer to whom this lawsuit is assigned; and (v) the persons listed on Exhibit A to this Order, who have filed timely requests to be excluded from the Class and the Settlement.

4. The Court finds that the Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b) for certification of the class claims in the operative complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representatives and Class Counsel; (e) predominance of common questions of fact and law; and (f) superiority.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court confirms the appointment of Plaintiff Heidi Langan as the Class Representative and of Izard, Kindall & Raabe, LLP as Class Counsel.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court approves the Settlement as set forth in the Settlement Agreement, together with all of its Exhibits, and the terms and conditions of settlement set forth therein as being fair, adequate, and reasonable. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arms'-length negotiations between experienced counsel representing the interests of the settling parties, and that it was negotiated with the assistance of an experienced, independent mediator. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all

respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

7. The Action and all claims asserted therein are dismissed with prejudice and without costs, as such costs are identified in 28 U.S.C. § 1920.

8. Upon the Effective Date, the Class Representative and each Settlement Class Member, on behalf of themselves, and each of their heirs, executors, trustees, administrators, beneficiaries, predecessors, successors, and assigns, and any other person claiming by, through, or on behalf of them, shall be deemed by operation of law (a) to have released, waived, discharged, and dismissed each and every of the Released Claims against the Released Parties, as defined in the Settlement Agreement (b) shall forever be enjoined from commencing, instituting, or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) shall not institute, continue, maintain, or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

9. This Order and Judgment, the Settlement Agreement, any of its terms and provisions, any of the negotiations or proceedings connected with it, and any of the documents or statements referred to therein:

a. Shall not be offered or received against Defendant or any other Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or Released Parties with respect to the truth of any fact alleged by the Class Representative or the validity of any claim that was or could have been asserted against any

Defendant or Released Parties in the Action or in any litigation, or of any liability, fault, misconduct, or wrongdoing of any kind of any of the Defendant or Released Parties;

      b.      Shall not be offered or received against Defendant or Released Parties as evidence of a presumption, concession, or admission of any liability, fault, misconduct, or wrongdoing by any Defendant or the Released Parties or against the Class Representative or any Settlement Class Members as evidence of any infirmity in the claims of the Class Representative or the other Settlement Class Members;

      c.      Shall not be offered or received against Defendant or Released Parties, or against the Class Representative or any other Settlement Class Members, as evidence of a presumption, concession, or admission with respect to any liability, fault, misconduct, or wrongdoing of any kind, or in any way referred to for any other reason as against any Defendant or Released Parties, in any other civil, criminal, regulatory or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement and this Order and Judgment; provided, however, that Defendant or any of the other Released Parties may refer to this Order and Judgment and the Settlement Agreement to effectuate the protection from liability granted them thereunder;

      d.      Shall not be construed against any Defendant or Released Parties, or against the Class Representative or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

      e.      Shall not be construed against the Class Representative or any other Settlement Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint or Amended Complaint in this Action

would not have exceeded the aggregate of the Claim Payments to which Settlement Class Members are entitled under the terms of this Agreement.

10. No Settlement Class Member shall have any claim against the Class Representative, Class Counsel, the Defendant, the Released Parties, the Defendant's Counsel, or the Settlement Administrator based on, arising out of, or related to the amount of the Claim Payment to be paid to Authorized Claimants, the procedures for submission of Claim Forms, the review and determination of the validity of such Claim Forms, and the distribution of Claim Payments to Authorized Claimants that are set forth, made, or effected substantially in accordance with the Settlement Agreement and the Settlement embodied therein or further order of the Court.

11. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) the allowance, disallowance, or adjustment of any Approved Claimant's claim challenged in any Objection Application by Defendant; (c) enforcing and administering this Order and Judgment; (d) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith; and (e) other matters related or ancillary to the foregoing.

12. In the event that this Order and Judgment does not become Final or the Settlement is terminated pursuant to the terms of the Settlement Agreement, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and shall be vacated to the extent provided by the Settlement Agreement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and the Settling Parties shall be deemed to have reverted to their respective status in the Action immediately prior to November 27, 2018.

13.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

14.     There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

It is so ordered.

Dated at New Haven this 12th day of July 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

## EXHIBIT A

| Name | State of Residence | Zip Code |
| --- | --- | --- |
| Brailen Marceaux | Louisiana | 70525 |